[Cite as *In re Guardianship of Lindsey*, 2015-Ohio-4235.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| GUARDIANSHIP OF AUDREY M. LINDSEY | : | CASE NO. CA2015-01-004 |
| | : | O P I N I O N<br>10/13/2015 |
| | : | |
| | : | |

APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20092023

Jane E. Schreyer, 100 West Main Street, Eaton, Ohio 45320, for appellant, Christina A. Reeder, Fiduciary

James W. Thomas, Sr., 112 North Barron Street, Eaton, Ohio 45320, for appellees, Deborah L. Sasser and Noel P. Lindsey

**RINGLAND, J.**

{¶ 1} Exceptor-appellant, Christina A. Reeder, appeals from a judgment entry issued in the Preble County Probate Court accepting a final account filed by Audrey M. Lindsey's co-guardians, Deborah L. Sasser and Noel P. Lindsey. For the reasons that follow, we affirm in part, reverse in part, and remand the matter to the probate court for further proceedings.

{¶ 2} In December 2009, Sasser and Noel P. Lindsey became co-guardians of Audrey after she was deemed incompetent. An inventory was not filed in the probate court

by the guardians until March 2, 2011, that listed an undivided one-half interest in real estate, a bank account, and a certificate of deposit, with the assets totaling $67,184.30. Audrey died in 2012, and Audrey's will naming Reeder, her niece, as the sole beneficiary of her estate was filed with the probate court. Thereafter, on June 14, 2013, a first and final account was filed by the guardians. The account included assets from the estate of Audrey's previously deceased husband and comprised two one-half interests in real estate, a vehicle, and a checking account, with the assets totaling $152,236.43. Reeder filed exceptions to the account due to the lack of information provided to the probate court between 2009 and 2013.

{¶ 3} After a hearing on September 19, 2014, the probate court overruled Reeder's exceptions and accepted the account. The probate court stated in its December 10, 2014 entry:

> The guardians, Deborah L. Sasser and Noel P. Lindsey, did not follow the proper procedure with regard to: the establishment of a guardianship account, expended funds on behalf of the ward from an unauthorized account, expended funds without prior Court approval and failed to protect, itemize and account for the ward's assets.

The probate court further stated:

> It appears that the funds that the guardians expended were or would have been the ward's funds, that the funds expended were expended on behalf of the ward and the ward was appropriately cared for before her death.

The probate court also noted that any items or funds that might not have been accounted for would "only go ultimately to Medicaid recovery." In the same entry, the probate court dismissed a separate civil concealment case filed by Reeder against the guardians with prejudice.

{¶ 4} Reeder now appeals, asserting two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE PROBATE COURT ERRED WHEN IT FAILED TO HOLD THE

- 2 -

GUARDIANS RESPONSIBLE FOR THEIR FAILURE TO FOLLOW PROPER PROCEDURES IN PROTECTING THE INCOMPETENT WARD AND HER ASSETS.

{¶ 7} Reeder argues the probate court failed to protect Audrey as an incompetent ward because the probate court overruled Reeder's exceptions and accepted the account even though it found the guardians failed to comply with certain statutory procedures. Specifically, Reeder argues the probate court should have ensured any negligence of the guardians did not result in unnecessary debt to Audrey's estate.

{¶ 8} Due to a probate court's broad authority to manage guardianships and settle accounts, the standard of review on appeal of a guardianship decision is abuse of discretion. *In re Guardianship of Snyder*, 4th Dist. Hocking Nos. 09CA21 and 09CA22, 2010-Ohio-3899, ¶ 12; *In re Weingart*, 8th Dist. Cuyahoga No. 79489, 2002 WL 68204, at *5 (Jan. 17, 2002) (a judge must make all guardianship decisions in the best interest of the ward, and the standard of review for such decisions is abuse of discretion). An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} Chapter 2111 of the Revised Code governs guardianships. Pursuant to R.C. 2111.14, guardians of an estate must file an inventory, manage the estate in the ward's best interest, pay and collect debts, obey orders of a court, bring suit on a ward's behalf, and settle and adjust assets with approval from the probate court. The guardian has a duty to act in the ward's best interest because the ward, as an incompetent person, cannot properly manage her estate. *In re Guardianship of Lombardo*, 86 Ohio St.3d 600, 608 (1999). According to R.C. 2111.50, the probate court acts as the "superior guardian" of wards.

{¶ 10} Chapter 2109 of the Revised Code governs fiduciaries, including some aspects of guardianships. An account must be filed pursuant to R.C. 2109.302 by a guardian every two years. While a probate court's approval of an account is not merely ministerial as it must

validate each and every aspect of the account, the probate court maintains extensive jurisdiction to approve the account under R.C. 2109.32(A) as a probate court may "order the account approved and settled or make any other order that the court considers proper" after a hearing.

{¶ 11} Additionally, the probate court has extensive jurisdiction over guardianships and settling accounts under its plenary power pursuant to the Ohio Constitution and statute. *See Corron v. Corron*, 40 Ohio St.3d 75, 77 (1988). R.C. 2101.24(A)(1), states in pertinent part:

> Except as otherwise provided by law, the probate court has exclusive jurisdiction: * * * To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts[.]

Such plenary power extends a probate court's jurisdiction to approve final accountings after the death of a ward. *In re Guardianship of Hards*, 11th Dist. Lake No. 2007-L-150, 2009-Ohio-1002, ¶ 75. A probate court's plenary power also requires a guardian to account fully for the care or lack of care of assets belonging to the estate of a ward and compels the probate court to "fix the liability, if any." *In re Guardianship of Zimmerman*, 141 Ohio St. 207, 215, 224 (1943).

{¶ 12} Applying *Zimmerman*, the Second District found a probate court complied with its duty to "fix the liability, if any," despite a guardian's "abysmal" accounting where the probate court held a hearing and was satisfied from the evidence before it that monies held in a guardianship were neither mismanaged nor misappropriated. *Brown v. Brown*, 2d Dist. Miami No. 97-CA-30, 1998 WL 67682, at *2 (Feb. 20, 1998). The Second District also affirmed a probate court's acceptance of an account where the probate court found after a hearing on exceptions to the account that the guardians provided for the cost of education of the wards above the monetary amount available in the guardianship, even though the stock placed in the guardianship for minor children was not available for distribution. *Matter of*

*Guardianship of Flesh*, 2d Dist. Miami No. 85-CA-28, 1986 WL 5137, *2 (Apr. 29, 1986). In affirming on appeal, the Second District stated, "Where the filing of an account under R.C. 2109.30 is impracticable or impossible, the Probate Division has the plenary power, under R.C. 2101.24, to substitute alternative means of resolving such matters * * *." *Id.* at *3.

{¶ 13} In contrast to *Brown* and *Flesh*, we do not have a record of a hearing to determine whether the probate court abused its discretion in overruling the exceptions and accepting the account in the case at bar. However, the appealing party bears the burden of showing error and has a duty to provide a transcript. We stated in *Dudley v. Dudley*, 12th Dist. Butler No. CA2013-09-163, 2014-Ohio-3992:

> As this court has repeatedly explained, "[s]ince the appealing party bears the burden of showing error in the underlying proceeding by reference to matters in the record, the appellant has a duty to provide a transcript for appellate review." *State v. Williams,* 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 18; *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980); see App.R. 9(B); see also App.R. 16(A)(7). "Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm." *Knapp* at 199; *Williams* at ¶ 18; *State v. Gregory,* 12th Dist. Clinton No. CA2006-05-016, 2006-Ohio-7037, ¶ 3. This is true regardless of whether the transcript exists or is available. *Fender v. Fender,* 12th Dist. Brown No. CA91-04-007, 1992 WL 86497 (Apr. 27, 1992).

*Dudley* at ¶ 25-27; *see also Waynesville v. Combs*, 66 Ohio App.3d 292, 298 (12th Dist.1990) (finding regularity in pretrial conference where no transcript was filed).

{¶ 14} In this instance, after holding a hearing on September 19, 2014, the probate court found that even though the guardians did not comply with all statutory requirements, the guardianship funds had been expended on behalf of the elderly incompetent ward for her well-being. Accordingly, the probate court overruled the exceptions and approved the account. Consistent with *Brown* and *Flesh*, the probate court acted pursuant to its plenary

power by accepting the account and complied with its duty to act as the superior guardian of the ward by ensuring the guardians cared for the ward's best interest despite any lack or impracticability of accounting.

{¶ 15} Presuming the regularity of the proceedings, we trust that the probate court reviewed the evidence, including the account, and did not abuse its discretion in finding the monies expended were for the benefit of the ward. As such, the probate court did not err in overruling exceptions to the account and accepting the account. Reeder's first assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE PROBATE COURT ERRED WHEN IT DISMISSED THE CIVIL CONCEALMENT ACTION AGAINST THE GUARDIANS.

{¶ 18} In her second assignment of error, Reeder argues the probate court erred when it dismissed a separate civil concealment action filed by Reeder against the guardians. A probate court has subject matter jurisdiction over a civil concealment action filed pursuant to R.C. 2109.50. *Rinehart v. Bank One, Columbus, N.A.*, 125 Ohio App.3d 719, 727 (10th Dist.1998). In order to make a claim for civil concealment, the complaint must allege that an asset is the exclusive property of the estate and that a defendant has unauthorized possession of the asset or improperly disposed of such asset. *Goldberg v. Maloney*, 111 Ohio St.3d 211, 2006-Ohio-5485, ¶ 35. Pursuant to R.C. 2109.50, a probate court should reduce any examinations conducted in a civil concealment proceeding to writing. *In re Estate of Meyer*, 63 Ohio App.3d 454, 457 (12th Dist.1989). Furthermore, a civil concealment action is quasi-criminal in nature, and as such, a probate court should make a finding of guilty or not guilty and impose a penalty, if necessary. *Id.*; *Goldberg* at ¶ 42.

{¶ 19} In this instance, the probate court has jurisdiction over a civil concealment action. While it is possible for a probate court to address both exceptions to an account and

- 6 -

a civil concealment action at the same hearing, there is no indication that it did so or that it complied with duties imposed by R.C. 2109.50 et seq. *See Talbott v. Fisk*, 10th Dist. Franklin Nos. 02AP-427 and 02AP-428, 2002-Ohio-6960, ¶ 24. The probate court did not reduce any possible examinations conducted at the hearing to writing and neither imposed a penalty nor made a finding of guilty or not guilty, all the steps that it should have taken had it addressed the civil concealment action at the hearing. As there is no indication that the probate court addressed the civil concealment action at the hearing or complied with R.C. 2109.50 et seq., we sustain Reeder's second assignment of error.

{¶ 20} In light of the foregoing, we affirm the probate court's acceptance of the account and reverse the probate court's dismissal of the civil concealment case, and we remand the matter to the probate court to comply with the duties outlined in R.C. 2109.50 et seq.

{¶ 21} Judgment affirmed in part, reversed in part, and remanded.

PIPER, P.J., and S. POWELL, J., concur.