[Cite as *In re Guardianship Austin*, 2016-Ohio-667.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re Guardianship of | : | |
| | | No. 15AP-821 |
| John William Austin, Sr., | : | (Prob. No. 557331) |
| (John W. Austin, Jr., | : | (ACCELERATED CALENDAR) |
| Appellant). | : | |

D E C I S I O N

Rendered on February 23, 2016

*Isaac Wiles Burkholder & Teetor, LLC, Sherrille D. Akin,* and
*Holly E. Oak,* for appellee Thomas A. Austin.

*John W. Austin, Jr.,* pro se.

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

TYACK, J.

{¶ 1} Appellant, John William Austin, Jr. ("Austin Jr."), appeals from the July 30, 2015 judgment of the Franklin County Court of Common Pleas, Probate Division, granting Austin Jr.'s motion for reconsideration of the court's decision and entry of March 23, 2015, denying a request for a hearing, and adopting a decision of the magistrate. The purpose of the March 23, 2015 judgment was to determine if the ward, John William Austin, Sr. ("Austin Sr." or the "ward"), was in need of a guardian of his person and estate, or whether lesser restrictive alternatives to a guardianship existed so as to make a guardianship unnecessary.

I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} The ward, Austin Sr., is an 82-year-old man who suffered a massive stroke in 2012.

{¶ 3} The ward's son, Austin Jr., is a retired paralegal. On January 28, 2004, Austin Sr. executed a power of attorney naming Austin Jr. as attorney in fact. The document takes effect upon the incapacity of the principal and gives the attorney in fact the authority "to do all acts on my behalf." The jurat does not attest that the principal appeared to be of sound mind and not under or subject to duress, fraud, or undue influence.

{¶ 4} On July 13, 2006, Austin Sr. executed another power of attorney in the State of Georgia again naming Austin Jr. as principal. The 2006 document does not state that it survives the disability of the principal.

{¶ 5} Austin Sr. owns all or part of a business known as Austin Trucking. The magistrate was unable to determine whether the business is a sole proprietorship, partnership, or joint venture with Austin Jr.

{¶ 6} Austin Jr. has prepared and filed pleadings in the Cuyahoga County court system on behalf of the business. At a hearing before a magistrate, Austin Jr. stated his intention to file new court pleadings.

{¶ 7} Austin Jr. lives in a house owned by his father in West Jefferson, Ohio.

{¶ 8} Austin Sr. suffered a massive stroke on June 3, 2012. In October 2012, Austin Jr. removed his father from the Columbus Health Care Center nursing facility and moved him into the home in West Jefferson, Ohio.

{¶ 9} At a hearing on August 15, 2013, the magistrate found Austin Sr. incompetent and in need of a guardian. Another son, Thomas A. Austin, was appointed guardian of the person and the estate of the ward on August 19, 2013.

{¶ 10} On July 31, 2014, Austin Jr., filed a motion to remove the guardian alleging that lesser restrictive alternatives to a guardianship existed, that he had power of attorney for his father, and that the guardianship should be terminated.

{¶ 11} On August 7, 2014, the guardian filed an application for direct removal of the ward and admission to a hospital for evaluation. On August 22, 2014, a magistrate issued an order removing Austin Sr. from the home he lived in with Austin Jr. in West Jefferson.

{¶ 12} Austin Jr. filed objections on September 9, 2014, alleging he had not received proper service of process in any of the proceedings involving his father, alleging

the guardianship was sought in order to provide the guardian with personal gain, that Austin Jr. had a valid power of attorney, that a guardianship was not necessary, and that his father was falsely removed from his home.

{¶ 13} The magistrate held a hearing on October 22, 2014, to determine whether a guardian was needed and/or whether there were lesser restrictive alternatives to a guardianship. The magistrate heard from multiple witnesses, including Austin Jr. The magistrate found there was conflicting evidence whether Austin Jr. had made inappropriate expenditures, or failed to make proper expenditures as agent on behalf of Austin Sr.

{¶ 14} The magistrate concluded as a matter of law that an investigation was needed into Austin Jr.'s exercise of his powers under the powers of attorney, particularly in light of his use of the documents to practice law on behalf of Austin Sr.

{¶ 15} The magistrate further concluded that the 2006 power of attorney was no longer valid due to the disability of Austin Sr. The magistrate also concluded that the 2004 power of attorney was invalid as a health care power of attorney because it did not contain language required by R.C. 1337.12(C) that "the principal appears to be of sound mind and not subject to duress, fraud, or undue influence."

{¶ 16} Accordingly, the magistrate concluded that a guardianship was necessary, that Thomas A. Austin should continue to serve as guardian, and that there were no less restrictive alternatives to the guardianship of the person and the estate of Austin Sr.

{¶ 17} Austin Jr. filed objections and a request for a transcript with the probate court. The probate court overruled the objections and adopted the magistrate's decision, but mistakenly indicated that a transcript had not been filed. In fact, a transcript was filed on December 8, 2014. Because of the error regarding the transcript, the probate court granted Austin Jr.'s motion for reconsideration and conducted a new review of the matter.

{¶ 18} On July 30, 2015, the probate court entered a new order in which it found no error in the magistrate's findings of fact, and found nothing in the transcript of the hearing or Austin Jr.'s objections that warranted overturning the magistrate's decision. The probate court held that the guardianship should continue until further order of the court, and adopted the magistrate's decision in total. The probate court ordered that the

guardian, Thomas A. Austin, conduct an investigation into Austin Jr.'s exercise of his powers under the power of attorney documents, and report such findings to the court.

## II. ASSIGNMENTS OF ERROR

{¶ 19} On appeal, Austin Jr. has assigned the following as error:

[I.] THE LOWER COURT ERRORED IN IT'S RULING UPON A FINDING THAT A LESS RESTRICTIVE ALTERNATIVE TO THE GUARDIANSHIP EXISTED SIDING THIS WAS DISCUSSED AND RULED EX PARTE AT THE BENCH OF THE OF THE MAGISTRATE, ALONG WITH MEMBERS OF THE COUNCIL FOR APPELLEE ON OCTOBER 15TH, 2015 HEARING.

[II.] THE LOWER COURT ERRORED WITH THE ACCEPTANCE OF FALSE TESTIMONY FROM THE APPELLEE THOMAS AUSTIN AND CONCUIL IN THEIR SWORN AFFIDAVIT AND THE OTAH OF THE GUARDIAN AND THE PROHIBITING OF FACTUAL EVIDENCE OF WITNESSES.

[III.] THE LOWER [COURT] ALSO ERROR WITHOUT THE USE OF PURPOSE OR SUBSTANTIATED TESTIMONY FROM THE GUARDIAN, APPELLIE NOR HIS WITNESSES COMPLETELY DISREGARDED THE APPELLANT AND HIS WITNESSES TESTIMONY CLEARLY HAVING KNOWLEDGE THAT SUCH VIDENCE HAD BEEN PRESENTED TO THE COURTCONCLUSION.

(Sic passim.)

{¶ 20} We find the assignments of error to be related to the overriding issue of whether the probate court abused its discretion in finding that no lesser restrictive alternative existed to the guardianship.

## III. STANDARD OF REVIEW

{¶ 21} "Selection of a guardian is within the discretion of the probate court, subject to statutory restrictions; and that selection will be reversed on appellate review only if it represents an abuse of discretion." *In re Guardianship of Duffy,* 10th Dist. No. 88AP-600 (Mar. 16, 1989); *In re Guardianship of Cohodes,* 10th Dist. No. 14AP-318, 2015-Ohio-2532, ¶ 17.

Due to a probate court's broad authority to manage guardianships and settle accounts, the standard of review on

> appeal of a guardianship decision is abuse of discretion. *In re Guardianship of Snyder*, 4th Dist. Hocking Nos. 09CA21 and 09CA22, 2010-Ohio-3899, ¶ 12; *In re Weingart*, (8th Dist. Cuyahoga No. 79489), 2002-Ohio-38, 2002 WL 68204, at *5 (Jan. 17, 2002) (a judge must make all guardianship decisions in the best interest of the ward, and the standard of review for such decisions is abuse of discretion).

*In re Guardianship of Lindsey*, 12th Dist. No. CA2015-01-004, 2015-Ohio-4235, ¶ 8.

{¶ 22} An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

> Chapter 2111 of the Revised Code governs guardianships. Pursuant to R.C. 2111.14, guardians of an estate must file an inventory, manage the estate in the ward's best interest, pay and collect debts, obey orders of a court, bring suit on a ward's behalf, and settle and adjust assets with approval from the probate court. The guardian has a duty to act in the ward's best interest because the ward, as an incompetent person, cannot properly manage her estate. *In re Guardianship of Lombardo*, 86 Ohio St.3d 600, 608, 1999 Ohio 132, 716 N.E.2d 189 (1999). According to R.C. 2111.50, the probate court acts as the "superior guardian" of wards.

*In re Guardianship of Lindsey* at ¶ 9.

## IV. ANALYSIS

{¶ 23} In his first assignment of error, Austin Jr. claims the magistrate "ruled ex parte at the bench" in finding that there were no less restrictive alternatives to the guardianship of the person and the estate of Austin Sr.

{¶ 24} Austin Jr. does not point to any evidence of any improper ex parte communication. Nor does our review of the transcript of the hearing show that there was any improper ex parte communication at the hearing. The magistrate issued a written decision including findings of fact and conclusions of law that was adopted by the probate court. There is simply nothing in the record to substantiate Austin Jr.'s claim that any improper ex parte communication occurred.

{¶ 25} The first assignment of error is overruled.

{¶ 26} In his second assignment of error, Austin Jr. argues that he has taken good care of the ward by using his powers of attorney, and therefore, a guardianship is unnecessary. This is essentially an argument that the magistrate's decision was against the manifest weight of the evidence.

{¶ 27} There was no question that Austin Sr. remains incompetent and in need of a guardian or some lesser restrictive alternative. The magistrate found, and the probate court agreed, that the 2006 power of attorney is no longer valid due to the disability of the principal. The 2004 power of attorney is invalid as a health care power of attorney because it lacks the statutorily required language of R.C. 1337.12(C). Other than unsubstantiated claims that the guardian submitted false evidence, Austin Jr. has failed to point to any evidence in the record to refute the decision of the magistrate.

{¶ 28} The second assignment of error is overruled.

{¶ 29} In his third assignment of error, Austin Jr. contends the magistrate disregarded his testimony and that of his witnesses.

{¶ 30} Austin Jr. was not a party to the proceeding before the magistrate, and thus the magistrate did not allow Austin Jr. to call his own witnesses. The magistrate limited Austin Jr.'s testimony to matters concerning his use of the powers of attorney and matters of which Austin Jr. had direct knowledge. The magistrate did not allow Austin Jr. to continually repeat himself. The transcript shows that Austin Jr. disagreed with the testimony of certain witnesses.

{¶ 31} After reviewing the evidence and arguments of the guardian and Austin Jr., we can find no abuse of discretion by the probate court in finding as a matter of fact and law that no lesser restrictive alternative exists to the guardianship of Austin Sr.

{¶ 32} The third assignment of error is overruled.

{¶ 33} Based on the foregoing, the three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas, Probate Division, is affirmed.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

_____